IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LORI DAVIS and JAMES DAVIS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:19-cv-2444-M-BN |
| | § | |
| WELLS FARGO BANK, | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Chief Judge Barbara M. G. Lynn. *See* Dkt. No. 4.

Defendant Wells Fargo Bank, N.A. has filed a Motion to Dismiss Plaintiffs' Original Complaint. *See* Dkt. No. 9. Plaintiffs Lori Davis and James Davis failed to file a response, and Defendant filed a Notice of Non-Filing with the Court. *See* Dkt. No. 16.

The undersigned now issues the following findings of fact, conclusions of law, and recommendation that the Court grant the motion.

**Background**

On May 28, 2003, Plaintiffs obtained a home equity loan from World Savings Bank, FSB, to finance the purchase of property located at 1803 Sunnybrook Drive, Irving, Texas (the "Property"). They executed an Adjustable Rate Mortgage Note (the

1

"Note"), *see* Dkt. No. 10-1 at 7-12, and a Texas Home Equity Deed of Trust (the "Deed of Trust"), *see id.* at 14-29. The Note and Deed of Trust are referred to collectively as the "Loan."

World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB, effective December 31, 2007, *see id.* at 31-34, and Wachovia Mortgage, FSB merged into Wells Fargo on November 1, 2009, s*ee id.* at 35.

Wells Fargo filed an expedited foreclosure action in the 14th Judicial District Court of Dallas County, Texas, on August 10, 2010. *See id.* at 2-54. Wells Fargo states that the Court authorized foreclosure but that order is not included in the record.

Plaintiff Lori Davis subsequently filed for bankruptcy three times.

On February 28, 2011, Mrs. Davis petitioned for Chapter 13 bankruptcy. *See* Dkt. No. 10-1 at 55-102. Although a plan was not confirmed in the first bankruptcy proceeding, Mrs. Davis listed Wachovia Bank as the holder of the Loan in her bankruptcy schedules. *See id.* at 68. And an objection to the plan was filed by "Wells Fargo Bank, N.A., also known as Wachovia Mortgage FSB, formerly known as World Savings Bank, N.A." *See id.* at 104-07. The case was dismissed without prejudice on June 20, 2011. *See id.* at 101.

On June 4, 2012, Mrs. Davis petitioned for Chapter 13 bankruptcy. *See id.* at 108-20. In her bankruptcy schedules, Mrs. Davis admitted that she was in default on the Note and Wells Fargo was her creditor. *See id.* at 130 (listing mortgage arrearage

2

of $40,000). The Chapter 13 Plan was confirmed on October 25, 2016. *See* Dkt. 10-2 at 26-29. The case was dismissed without prejudice on April 29, 2016. *See id*. at 31.

On July 19, 2016, Mrs. Davis petitioned for Chapter 11 bankruptcy. *See id*. at 30-59. Mrs. Davis scheduled the Loan as an undisputed secured claim of Wells Fargo and asserted an outstanding claim of $99,000. *See id*. at 73. The bankruptcy court confirmed Mrs. Davis' Chapter 11 Plan on June 7, 2017. *See id*. at 136-39. The automatic stay as it related to the Property was lifted upon confirmation of the plan. *See id*. at 116.

On October 16, 2019, Plaintiffs filed this case in the 191st Judicial District Court of Dallas County, Texas. *See* Dkt. No. 1-5 at 2-4. Plaintiffs' sole claim was to "challenge the foreclosure order and to fully ascertain the true and nature and extent, if any, of any alleged default under the note, whether there is actually a default, the extent of that default, whether proper notices have been given, and even whether defendant is even the true owner of the note itself." *Id*. at 3.

Wells Fargo removed the case to this Court on October 16, 2019. *See* Dkt. No. 1. Wells Fargo now moves to dismiss Plaintiffs' claim under Federal Rule of Civil Procedure 12(b)(6) on two grounds. First, Wells Fargo argues that the doctrine of judicial estoppel precludes Plaintiffs from asserting a claim undisclosed in previous bankruptcy proceedings or challenging Wells Fargo's status as the owner of the Note or whether the Note was in default. Second, Wells Fargo argues that Plaintiffs' claim

fails as a matter of law because Plaintiffs fail to state the specific contract provisions allegedly breached by Wells Fargo. *See* Dkt. No. 9.

Plaintiffs failed to file a response, and the time to do so has passed.

The undersigned concludes that the motion to dismiss should be granted.

## Legal Standards

In deciding a Federal Rule of Civil Procedure 12(b)(6) motion, the Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiffs must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

4

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, Plaintiffs must allege more than labels and conclusions, and, while a court must accept all of the Plaintiffs' allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* But, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that Plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *accord N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

The United States "Supreme Court has made clear that a Rule 12(b)(6) motion turns on the sufficiency of the 'factual allegations' in the complaint." *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (quoting *Johnson*, 135 S. Ct. at 347, and the Federal Rules of Civil Procedure "do not countenance dismissal of a

complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

A court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007). Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). "Although the [United States Court of Appeals for the] Fifth Circuit has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). "However, if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

In addition, "it is clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *accord Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2008) (directing courts to "consider the complaint in its entirety, as well as other

sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice"). And "[t]here is nothing improper about the district court considering the content of briefing that supports or opposes a motion under Rule 12(b)(6) when deciding such a motion," where, although "[w]hen matters outside the pleadings are presented to the court in connection with a motion under Rule 12(b)(6), the motion must be treated as a Rule 56 motion for summary judgment and appropriate notice given to the parties," the United States Court of Appeals for the Fifth Circuit has held "that briefs and oral arguments in connection with the motion ... are not considered matters outside the pleadings for purposes of conversion." *Turnage v. McConnell Techns., Inc.*, 671 F. App'x 307, 309 (5th Cir. 2016) (per curiam) (internal quotation marks and citations omitted).

## Analysis

I. <u>Plaintiffs' claim is barred by the doctrine of res judicata.</u>

"The doctrine of judicial estoppel prevents a party from asserting a claim in a legal proceeding that is inconsistent with a claim taken by that party in a previous proceeding." *Reed v. City of Arlington*, 650 F.3d 571, 573-74 (5th Cir. 2011) (en banc) (citation omitted). The purpose of this doctrine "is to protect the integrity of the judicial process, by preventing parties from playing fast and loose with the courts to suit the exigencies of self interest." *In re Wakefield*, 239 B.R. 372, 378 (N.D. Tex. 2003) (quoting *In re Coastal Plains, Inc.*, 179 F.3d 372, 378 (5th Cir. 1999); internal quotation marks and brackets omitted). In the bankruptcy context, "judicial estoppel

7

must be applied in such a way as to deter dishonest debtors whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system, while protecting the rights of creditors." *Reed*, 650 F.3d at 574.

Judicial estoppel applies when "(1) the party against whom judicial estoppel is sought has asserted a legal position which is plainly inconsistent with a prior position; (2) a court accepted the prior position; and (3) the party did not act inadvertently." *Id.* The United States Court of Appeals for the Fifth Circuit has held that "[j]udicial estoppel is particularly appropriate where, as here, a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005).

Those in privity with a prior judgment are barred by the doctrine of judicial estoppel in a subsequent action. *See Feurbacher v. Wellls Fargo Bank*, No. 4:15-cv-59, 2016 WL 3669744, at n.2 (N.D. Tex. July 11, 2016). Although Mr. Davis was not a debtor in Mrs. Davis' bankruptcy proceedings, the doctrine of judicial estoppel applies to both Mr. and Mrs. Davis because of their spousal relationship and because the Property secured by the Deed of Trust was listed as community property and the Note as a community debt. *See id.* at *3 and n.2.

    A.    <u>Plaintiffs' current legal position is plainly inconsistent with Mrs. Davis's prior legal position.</u>

"It goes without saying that the Bankruptcy Code and Rules impose upon bankruptcy debtors an express, affirmative duty to disclose all assets, *including contingent and unliquidated claims.*" *In re Superior Crewboats, Inc.*, 374 F.3d 330,

8

335 (5th Cir. 2004) (quoting *In re Coastal Plains*, 179 F.3d at 207-08; emphasis in original). Further, the "obligation to disclose pending and unliquidated claims in bankruptcy proceedings is an ongoing one." *Jethroe*, 412 F.3d at 600. "By omitting a claim or potential claim from the applicable bankruptcy schedule(s), a debtor represents to the bankruptcy court that the claim does not exist." *Thompson v. Sanderson Farms,* Civil Action No. 3:04CV837-WHB-JCS, 2006 WL 7089989, at *3 (S.D. Miss. May 31, 2006) (citation omitted). "Accordingly, if a litigant fails to disclose a pending or potential claim during a bankruptcy proceeding and later attempts to pursue that claim in a court of law, then element one of the test for judicial estoppel is met." *Johnson v. Deutsche Bank Nat. Trust Co.*, No. 3:12-cv-3542-L, 2013 WL 3810715, at *8 (N.D. Tex. July 23, 2013).

Mrs. Davis listed Wells Fargo as a creditor holding a secured claim on the Note and acknowledged that the Note was in arrears. *See* Dkt. No. 10-1 at 130; Dkt. No. 10-2 at 73. And Mrs. Davis's statements in her asset schedules, which required disclosure of "contingent and unliquidated claims of every nature," clearly represented to the Bankruptcy Court that she had no pending or unliquidated claims. *See* Dkt. No. 10-1 at 65; Dkt. No. 10-2 at 5.

Plaintiffs' pursuit of a breach of contract claim against Wells Fargo in this Court, including their challenges to Wells Fargo as the "true owner of the note" and the existence of default, is plainly inconsistent with Mrs. Davis's positions before the Bankruptcy Court. In the second and third bankruptcy proceedings, Mrs. Davis admitted that Wells Fargo was the owner of the Note and that a default existed under

9

the Note. Her representations to the Bankruptcy Court that the amount due under the Note was valid and correct, including arrearages, and that Wells Fargo was the undisputed holder of the debt, are inconsistent with Plaintiffs' claims in this lawsuit.

      B.      <u>The Bankruptcy Court has accepted Mrs. Davis's prior legal position.</u>

"Courts have consistently held that a bankruptcy court accepts a debtor's position when it relies on her asset schedules and confirms her bankruptcy plan." *Abreu v. Zale Corp.*, No. 3:12-cv-2620-D, 2013 WL 1949845, at *3 (N.D. Tex. May 13, 2013) (citing *Jethroe*, 412 F.3d at 600). Here, the Bankruptcy Court confirmed Mrs. Davis's bankruptcy plans in both the second and third bankruptcy proceedings. Thus, Mrs. Davis's positions that Wells Fargo was a secured creditor under the Note, which was in default, and that she had no pending or unliquidated claims have been accepted by the Court.

      C.      <u>Mrs. Davis's non-disclosure was not inadvertent</u>.

"In considering judicial estoppel for bankruptcy cases, the debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims or has no motive for concealment." *Love v. Tyson Foods, Inc.*, 677 F.3d 258, 262 (5th Cir. 2012) (quoting *In re Coastal Plains,* 179 F.3d at 210).

      1.      <u>Mrs. Davis did not lack knowledge of the undisclosed claim.</u>

"A plaintiff has knowledge of a claim whenever she knows the facts that give rise to the claim." *Abreu*, 2013 WL 1949845, at *3 (citing *Jethroe*, 412 F.3d at 601.) In fact, "if the debtor has enough information prior to confirmation to suggest that it

10

may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed." *In re Coastal Plains*, 179 F.3d at 208 (citation omitted).

Plaintiffs had knowledge at the time of Mrs. Davis's bankruptcy filings of the facts giving rise to the claim they now assert, and Plaintiffs could have disclosed the claim before the Court approved Mrs. Davis's Chapter 13 and Chapter 11 plans. For example, in the second bankruptcy proceeding, Mrs. Davis objected that the amount of arrearages claimed by Wells Fargo was incorrect but not that an arrearage existed. *See* Dkt. No. 10-2 at 141-43.

2. Mrs. Davis has motive to conceal her undisclosed claim.

"[T]he motivation element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court." *Love*, 677 F.3d at 622. More specifically, debtors will be found to have the requisite "motivation to conceal where they stood to reap a windfall had they been able to recover on the undisclosed claim." *Id.* "[T]he motivation sub-element is almost always met if a debtor fails to disclose a claim or possible claim to the bankruptcy court. Motivation in this context is self-evident because of potential financial benefit resulting from the nondisclosure." *Superior Crewboats*, 374 F.3d at 336 (citation omitted).

Plaintiffs avoided foreclosure by Mrs. Davis's filing for multiple bankruptcies, and the Bankruptcy Court's approval of the Chapter 13 and Chapter 11 plans held Plaintiffs' creditors at bay while the bankruptcies continued or while Mrs. Davis made payments under the plans. If Plaintiffs were to prevail on the claim in this

11

lawsuit, they would reap a windfall by further forestalling foreclosure as well as receiving a cash payment.

II.     Plaintiffs have not stated a claim for which relief may be granted.

Plaintiffs also assert that Wells Fargo breached a contract based on allegations that they did not receive notice of default or an accounting.

To succeed on a breach of contract claim under Texas law, a plaintiff must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 465 (5th Cir. 2003).

To state a plausible breach of contract claim a plaintiff must allege which provision of an identified contract has been breached. *Williams v. Wells Fargo Bank, N.A.*, 560 F. App'x 233, 238 (5th Cir. 2014) ("It has been held that a claim for breach of a note and deed of trust must identify the specific provision in the contract that was breached."); *Baker v. Great N. Energy, Inc.*, 64 F. Supp. 3d 965, 971 (N.D. Tex. 2014) ("This Court and others throughout this Circuit have consistently indicated that, as a general rule, 'a plaintiff suing for breach of contract must point to a specific provision in the contract that was breached by the defendant.'").

Here, Plaintiffs fail to state the contract that forms the basis of their breach of contract claim or point to a specific contractual provision Wells Fargo allegedly breached. And they state, without more, that the "breach of contract caused Plaintiffs to suffer damages."

12

Accordingly, the undersigned concludes that Plaintiffs' breach of contract claim constitutes a general allegation that lacks the sufficient factual basis needed to state a plausible claim. *See Guajardo v. JP Morgan Chase Bank, N.A.*, 605 F. App'x 240, 244 (5th Cir. 2015).

## Recommendation

The Court should grant Defendant's Motion to Dismiss Plaintiff's Original Complaint [Dkt. No. 9] and dismiss Plaintiffs' claim with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 23, 2020

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE